1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, ESQ., No. 148213
2    tim@thimeschlaw.com
   GENE A. FARBER, ESQ., No. 44215 – Of Counsel
3    genefarber@gmail.com
   158 Hilltop Crescent
4  Walnut Creek, CA 94597-3452
   Tel: 925/588-0401
5  Fax: 888/210-8868

6  Attorneys for Plaintiff CRAIG YATES

7  JOHN R. STREETT, ESQ., No. 100328
   1683 Novato Blvd., Suite 7A
8  Novato, CA 94947
   Tel: 415-898-1441
9  Fax: 415-898-1443

10 Attorney for ROSALIE ARTIGIANI and ROSALIE ARTIGIANI 2009 TRUST

11

12             UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
13

14 CRAIG YATES,                   CASE NO. CV-10-1549 JL
                                    Civil Rights
15       Plaintiff,

16 v.

                                       **[Proposed] FULL CONSENT DECREE**
17 ITALIAN DELITE; [JAMES KEVIN        **ORDER AND JUDGMENT (RELEVANT**
   GREGORETTI; CLAUDIO GREGORITTI;   **TO DEFENDANTS ROSALIE ARTIGIANI**
18 LUCY GREGORETTI;] MARKOS          **and ROSALIE ARTIGIANI 2009 TRUST;**
   PROPERTIES, INC.; HAROLD S. POZZI,    **and WITHOUT PREJUDICE TO**
19 JR.; HAROLD S. POZZI 2002 TRUST;      **OUTSTANDING CLAIMS AGAINST**
   ROSALIE ARTIGIANI 2009 TRUST;        **REMAINING DEFENDANTS)**
20 ROSALIE ARTIGIANI; TARIK BILAL;
   DOE TRUSTS 1 through 10, Inclusive; and
21 DOES 11 through 50, Inclusive,

22       Defendants.

23 _____ /

24 ////

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................1
STIPULATIONS
    Plaintiffs' Qualified Disability .........................................................2
    Plaintiff's Status as Aggrieved and Potentially Aggrieved ..............2
    Qualified Facilities..........................................................................2
    Alteration History ...........................................................................2
    Scope of Facilities in Issue .............................................................2
JURISDICTION ..................................................................................................2
SCOPE OF SETTLEMENT
AGREEMENTS CONCERNING INJUNCTIVE RELIEF ..................................4
    Agreement to Cooperate With Performance of Other Remaining
        Remediations ..............................................**Error! Bookmark not defined.**
    Agreed Measurements and Conditions............**Error! Bookmark not defined.**
    Performance Standards ...................................................................6
    Option to Close Facilities ...............................................................6
    Time for Compliance .....................................................................6
    Enforcement....................................................................................6
AGREEMENT CONCERNING DECLARATORY RELIEF ...............................7
RESOLUTION OF REMAINING MONETARY CLAIMS ................................
    Resolution of Plaintiffs' Claim for Statutory Damages..................7
    Resolution of Claim For Reasonable Statutory Attorneys Fees, Litigation
        Expenses And Costs ...............................................................8
CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN
    INTEREST ......................................................................................8
CONSENT TO JURISDICTION OF MAGISTRATE JUDGE.............................9
JOINT PREPARATION AND SEVERABILITY .................................................9
SIGNATORIES BIND PARTIES .........................................................................9

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL

— 2 —

# FULL CONSENT DECREE ORDER AND JUDGMENT

## INTRODUCTION

1. Plaintiff CRAIG YATES is a person with a disability whose condition requires the full time use of a scooter or wheelchair for mobility

2. Defendants IROSALIE ARTIGIANI and ROSALIE ARTIGIANI 2009 TRUST and Harold S. Pozzi, Jr. and Harold S. Pozzi 2002 Trust (hereafter "Subject Defendants") are the owners, operators, and lessees of the retail strip mall located at or near Assessor Parcel Number 141-286-05 and on Front Street, in Novato, California (hereafter, "Subject Property").

3. Plaintiff and the Subject Defendants shall also be referred to collectively herein as the Subject Parties.

4. Plaintiff filed this action for himself and all other similarly situated members of the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1.

5. Plaintiff alleges that Subject Defendants violated these statutes by failing to provide full and equal access and related facilities, including an accessible route from the public sidewalk and boundary of the side and leading to the continuous walkway serving the entrances of all business at the strip mall, access along that walkway, and the designated disabled accessible parking. Specific identification of the facilities and their deficiencies has been identified by the parties through an exchange of information at the site inspection held on July 19, 2010.

6. Plaintiff alleges that the subject building and site has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and that further Defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense.

7. The subject parties enter this Full Consent Decree Order and Judgment (hereafter "Consent Decree") in order to fully resolve the issues, claims and defenses in this case. This resolution is without prejudice to Plaintiff's remaining claims against other named defendants in this action, including, but not limited to, Defendants ITALIAN DELITE;

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL

MARKOS PROPERTIES, INC.; HAROLD S. POZZI, JR.; HAROLD S. POZZI 2002 TRUST; and TARIK BILAL, which are ongoing, and which are otherwise not intended to be affected by this decree.

## STIPULATIONS

8. **Plaintiff's Qualified Disability.** Plaintiff qualifies as a "person with a physical disability" as defined by the relevant statutes.

9. **Plaintiff's Status as Aggrieved and Potentially Aggrieved.** Plaintiff CRAIG YATES alleges he has standing, that he lives in Terra Linda, that he regularly conducts personal affairs in Novato, including shopping and dining. While the Defendants do not admit all of the foregoing allegations, they agree that sufficient facts support Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes, and his individual standing under Article III of the U.S. Constitution.

10. **Qualified Facilities.** The Italian Delite qualifies as a "public accommodation" and "commercial facility" under all applicable statutes and regulations.

11. **Alteration History.** The parties stipulate that all facilities in issue have undergone sufficient and recent alteration and/or new construction to require compliance with the Americans With Disabilities Act Access Guidelines published in 1992, as it applies to altered facilities, and that the Subject Property is otherwise subject to the requirements of Civil Code Section 54.3 and Title 24, Part II, of the California Code of Regulations.

12. **Scope of Facilities in Issue.** The following are the facilities at the Subject Property affected by this Consent Decree: including, but not limited to: the accessible route from the public sidewalk and boundary of the site to the main entrances the strip malls retail shops, the walkway serving the shop entrances, and the existing designated disabled accessible parking space.

## JURISDICTION

13. The facts requisite to federal jurisdiction are admitted. This Court has

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL

-2-

1  jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C.
2  §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and
3  use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a
4  common nucleus of fact and is proper.

5  **14.** This Court shall have continuing jurisdiction to interpret and enforce this
6  Consent Decree until defendants have fulfilled all conditions hereunder. This agreement is
7  contingent upon Court acceptance of this continuing jurisdiction.

8  **15.** The parties agree to entry of this Consent Decree in order to resolve the below
9  listed allegations raised in the Complaint filed with this Court on April 12, 2010. Accordingly,
10 the parties agree to this Consent Decree without trial or further adjudication of any issues of
11 fact or law concerning the issues specified herein Full Consent Decree Judgment and Order.

12 **16.** In entering this Consent Decree, Defendants agree this Consent Decree fully
13 vindicates Defendants' violation of Plaintiffs' rights under the Americans with Disabilities Act
14 and Civil Code Section 54 and 54.1.

15 WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full
16 Consent Decree Judgment and Order, which provides as follows:

17

18 **SCOPE OF SETTLEMENT**

19 **17.** As to the signatory defendants, This Consent Decree shall be a full, complete,
20 and final disposition and settlement of the below claims that have been or could have been
21 alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and
22 compensatory damages, including personal and bodily injury, and Plaintiff's claims for
23 reasonable statutory attorney fees, litigation expenses and costs. This Consent Decree was
24 reached through negotiations between the Subject Parties. The Court shall retain jurisdiction of
25 this action to enforce and interpret this Full Consent Decree Judgment and Order. The parties
26 agree that if they or any of them seek Court enforcement of this Full Consent Decree Judgment
27 and Order, any such enforcement will be by noticed motion, application or other appropriate
28 request for an order for specific performance, and that a contempt citation or decree will not be

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 3 —

sought by any party.

## AGREEMENTS CONCERNING INJUNCTIVE RELIEF

18. **Specific Agreed Remediations.** As a part of a compromise of global liability, the Defendants each agree that they shall be jointly and severally responsible to perform the following work to provide disabled access at the Subject Restaurant:

|       | **Current Condition** | **Required Remediation** |
|-------|----------------------|--------------------------|
| 2.101 | Deleted | Deleted |
| 2.102 | The current designated accessible parking space serving this end of the mall is non-compliant with code. The unloading zone is 4' 8" wide instead of the 8' width required for a van accessible parking place. The curb ramp provided to access the sidewalk projects into the unloading zone and into the accessible parking space, neither of which is permitted by code. The sign painted on the surface of the parking space has nearly been obliterated, which is a violation of the obligation to maintain accessibility features. No pole or wall-mounted sign has been provided at the end of this space. None of the lot entrances has been posted with a sign indicating that vehicles parked in the accessible space shall be towed away, nor has such a sign been posted at the subject parking space. | Remediate the designated accessible parking space so that it is a fully compliant van accessible space, i.e., with the parking and unloading surface meeting the code's definition of "level" - i.e., no slope or cross slope within these areas shall exceed 2% as measured in any direction (fully eliminating the existing curb ramp that currently projects into these spaces); the parking area shall be restriped to a minimum of 9 feet wide and 18 feet long; the unloading zone shall be a minimum of 8 feet wide and 18 feet long (as measured from the centerline to centerline of the striping); pole- or wall-mounted signage shall be centered at the head of the parking space, which shall also be mounted at the correct height; signage at the end of this space shall include a designation "van-accessible"; such signage shall have the required protective language warning that those illegally parked in the accessible space will be towed (alternatively, this information can be posted at each of the drive entrances to the general parking lot); and the unloading zone shall be hatched and contain the words "No Parking" painted within it. |

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 4 —

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 | 2.103 | The slope of the curb ramp (between the accessible parking space and the top of the sidewalk) is too steep, it has flared sides whose slope far exceeds the maximum permitted by code, and there is no tactile warning on the surface of the curb ramp. | Provide a new curb ramp that has a maximum slope of 8.33%, a maximum cross-slope of 2%, flared sides that do not exceed 10%, a minimum width of 48 inches, tactile domes on the surface of the ramp, and landings at the top and bottom that are level and unobstructed. Note: as specified above in ¶2.102, no portion of this ramp should project into the designated disabled accessible parking space or its unloading zone. To avoid this at this location, a curb-cut curb-ramp must be employed. |
| 8 9 10 11 12 13 14 15 | 2.104 | The path of travel between the parking space and store fronts is constricted at places by overhanging parked vehicles. The walkway has cross-slopes along the outside edge of the walk that exceed the 2% maximum cross-slope, but such slopes are beyond 48 inches as the walkway does provide a route that is maintained at a minimum width of 48 inches with proper slope. | Provide wheel stops at the head of all parking spaces to prevent obstruction. Saw-cut and replace the sections of the walkway containing cross-slopes in excess of 2%. |
| 16 17 18 19 20 21 22 23 24 25 | 2.105 | The path of travel between the designated accessible parking and the Yoga Studio has cross-slopes along the outside edge of the walkway that exceed the 2% maximum cross-slope, but such slopes are beyond 48 inches as the walkway does provide a route which is maintained at a minimum width of 48 inches with proper slope. Vehicles overhang and obstruct the route and the jade plant overhangs the walkway to reduce the usable width below the minimum required. | Provide wheel stops at the head of all parking spaces to prevent obstruction. Cut back the jade plant to provide an accessible route that is maintained at a minimum width of 48 inches. Saw-cut and replace the sections of the walkway containing cross-slopes in excess of 2%. |

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 5 —

| 2.106 | At the approximate south end of the building, there are steps between the public sidewalk and the walkway serving the building, and no accessible route has been provided. | As a part of a global compromise on liability, and entry of this Consent Decree, Plaintiff will accept provision of the single accessible route mentioned hereinabove at Section 2.101, and signage shall be placed at the south corner of the building to designate the location of the accessible route. |
|---|---|---|

19. **Performance Standards.** All of the foregoing facilities shall be brought into full and strict compliance with the literal performance standards for altered facilities under the Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992. Defendant hereby release all alleged claims defenses to literal compliance such as hardship, legal and physical constraint, technical infeasibility, 20% cost-cap, etc.

20. **Option to Close Facilities.** In lieu of making modification to any particular facility or amenity called for by this decree, the Defendant may choose to permanently close/remove such facility, element or amenity from public use. Such facility, element or amenity shall not be reopened or re-provided for public use without provision of full disabled access pursuant to the terms of paragraph 18.

21. **Time for Compliance.** As to all other work, Defendant shall submit plans and apply for any necessary permits for this work within 60 days of the entry of this Order on the docket of the court, and complete all such work within 120 days of receiving permits, allowing for good faith interruptions due to inclement weather, contractor unavailability, and other causes under the Doctrine of Force Majeure. Permits from the building department shall be secured for all work. Defendant will provide written notice regarding the status of completion within 240 days after entry of this Order. Defendant shall then provide Plaintiffs, her attorneys and consultants with physical access to inspect, measure and photograph the facilities to verify that the completed work complies with the terms herein.

22. **Enforcement.** Should Plaintiff in the future become aware of any facts or conditions relating to the subject public accommodation that may give rise to a claim that Defendants have failed to comply with any of the injunctive relief provisions set forth herein, Plaintiff shall be permitted to file a noticed motion under the current case number of this action

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 6 —

seeking enforcement of this Consent Decree, as well as contempt of court. The "prevailing party" in such motion proceedings, whether in full or in part, <u>may</u> be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be pursuant to the normal prevailing party standards that applied under the subject statutes before entry of this decree, under the subject fee shifting statutes named in the complaint and <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978). Thus, Defendants <u>may</u> be entitled to recovery of attorney's fees in such proceeding only upon proof that Plaintiff's motion is frivolous or brought in bad faith.

### AGREEMENT CONCERNING DECLARATORY RELIEF

23. In resolution of Plaintiff's claim for declaratory relief, Defendants hereby stipulate, that by this Consent Decree, the barriers identified herein for correction, at paragraph 18, supra, constitute past and present violations of each Plaintiff's rights under the Title III of the Americans with Disabilities Act of 1990, and Civil Code Section 54 and 54.1. Defendants agree that Plaintiff's claim for statutory damages is inextricably intertwined with his claims for injunctive relief. Defendants have agreed to conduct the barrier removals herein as a result of the settlement of this action.

### RESOLUTION OF STATUTORY DAMAGE CLAIMS

24. Defendant agrees to pay his the amount of $1,000 in full satisfaction of Plaintiff's claims for bodily and personal injury and for statutory damages under Title II of the ADA, and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff counsel's hands within 21 days of Defendant' execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

25. The parties stipulate that the foregoing amount is intended to be paid in full to Plaintiffs, and understand that no part of it shall be received by Plaintiffs' counsel in compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 7 —

litigation expenses, and costs.

**RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS:**

26. Defendant agree to pay his the amount of $7,000 in full satisfaction of Plaintiffs' claims for interim and final claims for reasonable statutory attorney fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST," and delivered into Plaintiff counsel's hands within 21 days of Defendant' execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendant shall supply Plaintiff's counsel with a tracking number.

////

**FULL CONSENT DECREE JUDGMENT AND ORDER:**

27. This Consent Decree constitutes the entire agreement between the parties on the matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and reasonable statutory attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Full Consent Decree Judgment and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

28. The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

29. This Consent Decree shall be binding on Plaintiffs and Defendants and any successors in interest. During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 8 —

the period of the Court's jurisdiction of this Consent Decree.

**CONSENT TO JURISDICTION OF MAGISTRATE JUDGE:**

30. In accordance with the provisions of Title 28, U.S.C. Section 636(c), each undersigned party in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate conduct any and all further proceedings in the case related to enforcement of this Consent Decree. Appeal from such enforcement orders shall be taken directly to the United States Court of Appeals for the Ninth Circuit. Pursuant to this stipulation, each undersigned party requests that this matter be assigned specifically to Magistrate Judge James Larson.

**JOINT PREPARATION AND SEVERABILITY:**

31. This Consent Decree is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

32. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

**SIGNATORIES BIND PARTIES:**

33. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: 10/12/2011

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 9 —

```
 1
 2                                                    _____
                                                      CRAIG YATES
 3
      Dated: 11-4-10
 4
                                                      _____
 5                                                    ROSALIE ARTIGIANI, as the trustee for the
                                                      ROSALIE ARTIGIANI 2009 TRUST
 6
      ////
 7                                                    _____
      Dated: 11/4/10
 8                                                    Harold S. Pozzi, Jr., trustee
                                                      of the Harold S. Pozzi 2002
 9                                                    Trust
10
11
12
...
28
```

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK
CA 94597-3452
(925)595-0401

CRAIG YATES

Dated: 11-4-10

_[signature]_
ROSALIE ARTIGIANI, as the trustee for the
ROSALIE ARTIGIANI 2009 TRUST

////

Dated: 11/4/16

_[signature]_
Harold S. Pozzi, Jr., trustee
of the Harold S. Pozzi 2002
Trust

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL

— 10 —

**APPROVED AS TO FORM:**

Dated: 11/12, 2010

THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH, ESQ.
GENE A. FARBER, ESQ. – Of Counsel

_____
Attorneys for Plaintiff
CRAIG YATES

Dated: 11/4, 2010

JOHN R. STREETT, ESQ

_____
Attorneys for Defendants ROSALIE ARTIGIANI
and ROSALIE ARTIGIANI 2009 TRUST

**ORDER**

IT IS SO ORDERED. _____

_____

_____

_____

_____.

Date: March 15, 2011  _____
HON. JAMES LARSON
MAGISTRATE JUDGE
U.S. DISTRICT COURT

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Artigiani): Case No. CV-10-1549 JL — 11 —