1   **Thimesch Law Offices**
    TIMOTHY S. THIMESCH, ESQ., No. 148213
2    tim@thimeschlaw.com
    GENE A. FARBER, ESQ., No. 44215 – Of Counsel
3    genefarber@gmail.com
    158 Hilltop Crescent
4   Walnut Creek, CA 94597-3452
    Tel: 925/588-0401
5   Fax: 888/210-8868

6   Attorneys for Plaintiff CRAIG YATES

7   MARK J. RICE, ESQ. (124934)
    MCNEIL, SILVERIA, RICE & WILEY
8   55 Professional Center Parkway. Suite A
    San Rafael, CA 94903
9   Telephone: (415) 472-3434
    Facsimile: (415) 472-1298
10
    Attorneys for Defendant MARKOS PROPBRTIES, INC.
11

12                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
13

14  CRAIG YATES,                          CASE NO. CV-10-1549 JL
                                          Civil Rights
15              Plaintiff,

16  v.                                    ~~[Proposed]~~ **FULL CONSENT DECREE
                                          ORDER AND JUDGMENT**
17  ITALIAN DELITE; [JAMES KEVIN
    GREGORETTI; CLAUDIO GREGORITTI;        **(RELEVANT TO DEFENDANTS MARKOS**
18  LUCY GREGORETTI;] MARKOS               **PROPBRTIES, INC.; ITALIAN DELITE;**
    PROPERTIES, INC.; HAROLD S. POZZI,     **AND TARIK BILAL; and WITHOUT**
19  JR.; HAROLD S. POZZI 2002 TRUST;       **PREJUDICE TO OUTSTANDING CLAIMS**
    ROSALIE ARTIGIANI 2009 TRUST;          **AGAINST REMAINING DEFENDANTS)**
20  ROSALIE ARTIGIANI; TARIK BILAL;
    DOE TRUSTS 1 through 10, Inclusive; and
21  DOES 11 through 50, Inclusive,

22              Defendants.

23

24

25
    _____ /
26
    ////
27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos
Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

1

## TABLE OF CONTENTS

2

INTRODUCTION ....................................................................................................1

3

STIPULATIONS

Plaintiffs' Qualified Disability ..........................................................................2

4

Plaintiff's Status as Aggrieved and Potentially Aggrieved ................................2

Qualified Facilities...........................................................................................2

5

Alteration History ............................................................................................2

Scope of Facilities in Issue ...............................**Error! Bookmark not defined.**

6

JURISDICTION ......................................................................................................3

7

SCOPE OF SETTLEMENT

AGREEMENTS CONCERNING INJUNCTIVE RELIEF ...................................4

8

Agreement to Cooperate With Performance of Other Remaining

Remediations .............................................................................................8

9

Agreed Measurements and Conditions...............................................................8

Performance Standards ......................................**Error! Bookmark not defined.**

10

Option to Close Facilities ...............................................................................12

Time for Compliance ......................................................................................12

11

Enforcement.....................................................**Error! Bookmark not defined.**

12

AGREEMENT CONCERNING DECLARATORY RELIEF ...............................13

RESOLUTION OF REMAINING MONETARY CLAIMS ....................................

13

Resolution of Plaintiffs' Claim for Statutory Damages....................................14

Resolution of Claim For Reasonable Statutory Attorneys Fees, Litigation

14

Expenses And Costs .................................................................................14

CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN

15

INTEREST ..............................................................................................15

CONSENT TO JURISDICTION OF MAGISTRATE JUDGE ............................15

16

JOINT PREPARATION AND SEVERABILITY ...............................................15

17

SIGNATORIES BIND PARTIES ........................................................................15

18

19

20

21

22

23

24

25

26

27

28

Thimreck Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

## FULL CONSENT DECREE ORDER AND JUDGMENT

**INTRODUCTION**

1.     Plaintiff CRAIG YATES is a person with a disability whose condition requires the full time use of a scooter or wheelchair for mobility

2.     Defendants MARKOS PROPERTIES, INC. is the owner, operator, and lessor of the strip shopping center located at or near 967 to 971 Front Street, Novato, California (hereafter, "Subject Property"). Defendant leases the portion of the property known as Italian Delite at 971 Front Street to ITALIAN DELITE and TARIK BILAL.

3.     Plaintiff and the Defendants shall also be referred to collectively herein as the Subject Parties.

4.     Plaintiff filed this action for himself and all other similarly situated members of the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1.

5.     Plaintiff alleges that Defendants violated these statutes by failing to provide full and equal access and related facilities, including an accessible route from the public sidewalk and boundary of the side and leading to all elements, facilities and services throughout the strip mall, the parking facilities, the entrance facilities, the public restroom, and, in the Italian Delite, the service counter, and interior and exterior dining tables. Plaintiff further alleges that Defendants failed to provide access to the portion of the strip mall and parking lot located along the face of Mirabella Street. Specific identification of the facilities and their deficiencies has been identified by the parties through an exchange of information at the site inspection held on July 19, 2010.

6.     Plaintiff alleges that the subject building and site has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and that further Defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense. All Defendants deny this allegation; but for purposes of this settlement, on mutually agreed terms of injunctive relief, said dispute does not vitiate the Consent decree. The Consent Decree Order is Injunctive based on agreed retrofit of the

Whitcomb Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**                    **Page 1**

1   premises whether or not required which is in contention. Nothing herein shall be construed as
2   an admission by all Defendants that the retrofit was required.

3        7.       The subject parties enter this Full Consent Decree Order and Judgment
4   (hereafter "Consent Decree") in order to fully resolve the issues, claims and defenses in this
5   case. This resolution is without prejudice to Plaintiff's remaining claims against other named
6   defendants in this action, including, but not limited to, Defendants HAROLD S. POZZI, JR.;
7   HAROLD S. POZZI 2002 TRUST; ROSALIE ARTIGIANI 2009 TRUST; ROSALIE
8   ARTIGIANI, which are ongoing, and which are otherwise not intended to be affected by this
9   decree.

10

11   **STIPULATIONS**

12       **8.       Plaintiff's Qualified Disability.** Plaintiff qualifies as a "person with a physical
13   disability" as defined by the relevant statutes.

14       **9.       Plaintiff's Status as Aggrieved and Potentially Aggrieved.** Plaintiff CRAIG
15   YATES alleges he has standing, that he lives in Terra Linda, that he regularly conducts
16   personal affairs in Novato, including shopping and dining. While none of the Defendants admit
17   all of the foregoing allegations, they agree that sufficient facts support Plaintiff's qualification
18   as "aggrieved and potentially aggrieved" under the relevant statutes, and his individual standing
19   under Article III of the U.S. Constitution.

20       **10.      Qualified Facilities.** The Italian Delite qualifies as a "public accommodation"
21   and "commercial facility" under all applicable statutes and regulations.

22       **11.      Alteration History.** The parties have been unable to stipulate that all facilities
23   in issue have undergone sufficient and recent alteration and/or new construction to require
24   compliance with the Americans With Disabilities Act Access Guidelines published in 1992, as
25   it applies to altered facilities, and that the restaurant is otherwise subject to the requirements of
26   Civil Code Section 54.3 and Title 24, Part II, of the California Code of Regulations. However
27   the retrofit undertaken is as if such alteration had taken place. It is admitted that the subject
28   premises have not been enlarged during the applicable periods of time.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**                — 2 —

1    **12.    Scope of Facilities in Issue.** The following are the facilities at the Subject
2    Restaurant affected by this Consent Decree: including, but not limited to: the accessible route
3    from the public sidewalk and boundary of the site to the main entrance of the restaurant, the
4    main entrance, the exterior sidewalk dining, the dining facilities, the refrigerated drink cooler
5    and its landing, the service counter and the public restroom. The retrofit plans of the areas other
6    than the refrigerated drink cooler, its landing, and the service counter are reflected in the permit
7    set of building drawings A-1 through 7 submitted to the City of Novato for permit, by Markos
8    Properties' architect Marty Zwick, and shall be the basis for the Consent Decree and any
9    injunctive relief to enforce same if needed.

10

11   **JURISDICTION**

12   **13.**    The facts requisite to federal jurisdiction are admitted.    This Court has
13   jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C.
14   §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and
15   use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a
16   common nucleus of fact and is proper.

17   **14.**    This Court shall have continuing jurisdiction to interpret and enforce this
18   Consent Decree until Defendants have fulfilled all conditions hereunder.  This agreement is
19   contingent upon Court's acceptance of this continuing jurisdiction.

20   **15.**    The parties agree to entry of this Consent Decree in order to resolve the below
21   listed allegations raised in the Complaint filed with this Court on April 12, 2010. Accordingly,
22   the parties agree to this Consent Decree without trial or further adjudication of any issues of
23   fact or law concerning the issues specified herein Full Consent Decree Judgment and Order.

24       WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full
25   Consent Decree Judgment and Order, which provides as follows:

26   ////

27

28

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,     —3—
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

1    **SCOPE OF SETTLEMENT**

2        **16.**    As to the signatory Defendants, This Consent Decree shall be a full, complete,

3    and final disposition and settlement of the below claims that have been or could have been

4    alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and

5    compensatory damages, including personal and bodily injury, and Plaintiff's claims for

6    reasonable statutory attorney fees, litigation expenses and costs.  This Consent Decree was

7    reached through negotiations between the Subject Parties. The Court shall retain jurisdiction of

8    this action to enforce and interpret this Full Consent Decree Judgment and Order.  The parties

9    agree that if they or any of them seek Court enforcement of this Full Consent Decree Judgment

10   and Order, any such enforcement will be by noticed motion, application or other appropriate

11   request for an order for specific performance, and that a contempt citation or decree will not be

12   sought by any party.

13

14   **AGREEMENTS CONCERNING INJUNCTIVE RELIEF**

15       **17.**    **Specific Agreed Remediations.** As a part of a compromise of global liability,

16   each and all Defendants agree that they shall be jointly and severally responsible to perform the

17   following work to provide disabled access at the Subject Restaurant as set forth in the attached

18   Zwick plans A-1 to 7 filed with the City of Novato, attached hereto as **Exhibit A:**

19   ////

20

21

22

23

24

25

26

27

28

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**       **— 4 —**

|  | **Current Condition** | **Required Remediation** |
|---|---|---|
| **3.101** | The path of travel from the boundary of the site to the end of the curb ramp has slopes that far exceed 8.33% maximum slope permitted by the code, it has vertical changes in elevation in excess of ½ inch, it has a counter-slope at the end of the driveway and in the gutter-swale that is far in excess of 5%, | Create a fully compliant accessible route from the boundary of the site to the main entrance. This route shall have no cross-slope in excess of 2%, no slope in the direction of travel in excess of 5% (unless the elements of a compliant ramp are provided), and no vertical change in rise in excess of ¼ inch or ½ inch beveled. For the portion of the accessible route that utilizes a ramp, provide all the required elements for a ramp, including a maximum slope of 8.33%, maximum cross-slope of 2%, fully compliant handrails on each side of the ramp, wheelguides along both edges, a 72 inch long level landing at the bottom of the ramp, a level landing at every 30 inches of rise, and a minimum 5' X 5" landing at the top. |
| **3.102** | The slope of the ramp at the main entrance to Italian Delite exceeds 8.33%, lacks flared edges, has a cross-slope in the bottom landing, lacks tactile dooms, and is not connected to any accessible parking via an accessible route, nor to the boundary of the site | Provide a fully compliant accessible route from the boundary of the site to the main entrance. See 3.101. |
| **3.103** | At the main entrance: (1) the strike edge of the entry door is approximately 2 inches instead of the 24 inches required by the code; (2) the door landing on the exterior is less than the 60 inches required by code; (3) the interior door landing is has a depth of approximately 48 inches instead of the 60 inches required by code (because of the tables and chairs located within this area) | Provide an exterior landing that is a minimum of 60 inches in depth, that extends 24 inches beyond the strike edge of the door, and projects out a minimum of 60 inches measured perpendicular to the face of the close door. Provide an interior door landing that extends 60 inches from the face of the closed door, and develop a written policy, backed by employee training, that trash cans, tables and chairs shall not be placed in this area (which shall be marked on the floor similar to the markings presently found in front of the beverage cooler). |

Weinreck Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

— 5 —

| 3.104 | Pre-suit photographs depict a beverage cooler whose landing is obstructed by a table and chairs. However, at the time of the inspection, this area is now marked to be kept clear. | Develop a written policy, backed by employee training, that trash cans, tables and chairs shall not be placed in this area while the restaurant is in operation. |
|---|---|---|
| 3.105 | The height of the service counter exceeds the 34 inch maximum height, and otherwise lacks a lowered section. | Provide a lower section of the service counter that has a minimum length of 36 inches, and a maximum height of 34 inches above the finished floor (AFF). **Note: See Danz Proposal at Exhibit 1.** |
| 3.106 | On the raised service counter at the napkins, condiments, straws, toothpicks and service bell. | Place all these items at a lower counter that is set a maximum height of 34 inches AFF. Note, the lowered section of the service counter mentioned in 1.105 shall not be used for this purpose. |
| 3.107 | The ATM does not have the required clear ground floor space adjacent to it. | Provide a clear ground floor space that is a minimum of 30 inches wide by 48 inches long (that has the 48 inch side parallel to the face of the ATM machine), so that a side reach can be accomplished to the highest operable mechanism; or, lower the height of the highest operable mechanism to 48 inches AFF, and provide a clear floor space that is a minimum of 30 inches wide in front of the machine. |
| 3.108 | None of the tables have knee space that projects a minimum of 19 inches underneath the tables. We observed 2-person and 4-person table types. | Provide at least one dining table of each type that has knee space underneath it that is a minimum of 30 inches wide, 27 inches high, and projects back underneath the table a minimum of 19 inches (with no pedestal or pedestal base located anywhere within the rectangular dimension of this space). **Note: See Danz Proposal at Exhibit 1.** |

Ghimesesh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | **3.109** | A pre-suit photograph depicts exterior dining tables obstructing walkway running along the front face of the restaurant. This walkway accessible the other facilities and public accommodations on site. These tables were no longer present at the time of our inspection. | If the tables are reinstalled, provide an accessible route between the restaurant and the other facilities on site that has a minimum width of 48 inches.  **Note: See Danz Proposal at Exhibit 1.** |
| 6<br>7<br>8<br>9<br>10 | **3.110** | None of the exterior dining tables depicted in the pre-suit photograph appear to be compliant with the code. | If the tables are reinstalled, provide at least one that has knee space underneath it that is a minimum of 30 inches wide, 27 inches high, and projects back underneath the table a minimum of 19 inches (with no pedestal or pedestal base located anywhere within the rectangular dimension of this space). |

////

**Shineseck Law Offices**
358 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**   — 7 —

| 3.111 | The current designated accessible parking space serving this south of the mall is non-compliant with code. The unloading zone is 4' 8 " wide instead of the 8' width required for a van accessible parking place. The curb ramp provided to access the sidewalk projects into the unloading zone and into the accessible parking space, neither of which is permitted by code. The sign painted on the surface of the parking space has nearly been obliterated, which is a violation of the obligation to maintain accessibility features. No pole or wall-mounted sign has been provided at the end of this space. None of the lot entrances has been posted with a sign indicating that vehicles parked in the accessible space shall be towed away, nor has such a sign been posted at the subject parking space. | Either remediate the current designated accessible parking space at the south end of the strip mall, or (if not shared), provide a new compliant van accessible space at the north end of the strip mall. Either way, the space shall be a fully compliant van accessible space, i.e., with the parking and unloading surface meeting the code's definition of "level" - i.e., no slope or cross slope within these areas shall exceed 2% as measured in any direction (fully eliminating the existing curb ramp that currently projects into these spaces); the parking area shall be restriped to a minimum of 9 feet wide and 18 feet long; the unloading zone shall be a minimum of 8 feet wide and 18 feet long (as measured from the centerline to centerline of the striping); pole- or wall-mounted signage shall be centered at the head of the parking space, which shall also be mounted at the correct height; signage at the end of this space shall include a designation "van-accessible"; such signage shall have the required protective language warning that those illegally parked in the accessible space will be towed (alternatively, this information can be posted at each of the drive entrances to the general parking lot); and the unloading zone shall be hatched and contain the words "No Parking" painted within it. |
|---|---|---|
| 3.112 | The slope of the curb ramp (between the accessible parking space and the top of the sidewalk) is too steep, it has flared sides whose slope far exceeds the maximum permitted by code, and there is no tactile warning on the surface of the curb ramp. | Provide a new curb ramp that has a maximum slope of 8.33%, a maximum cross-slope of 2%, flared sides that do not exceed 10%, a minimum width of 48 inches, tactile domes on the surface of the ramp, and landings at the top and bottom that are level and unobstructed. |

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL     — 8 —

| 3.113 | The path of travel between the parking space and the restaurant and/or other store fronts is constricted at places by the newspaper boxes, and overhanging parked vehicles. The walkway has cross-slopes along the outside edge of the walk that exceed the 2% maximum cross-slope by many multiples. At the corner of the lot, and near the connection of the two buildings, there is a vertical change in rise in excess of ½ inch. | Provide wheel stops at the head of all parking spaces to prevent obstruction. Survey, cut-out and replace all sections of the sidewalk containing cross-slopes in excess of 2%. Remove or relocate the newspapers to more appropriate location. Correct the sidewalk so that it has vertical change in elevation in excess of ¼ inch or ½ inch beveled. |
|---|---|---|
| 3.114 | The sanitary facility in the Italian Delite does not have an accessible route between the service counter/main dining area and the restroom. The ADA and Title 24 signage has not been provided. The width of the entry door into the restroom is much less than the minimum clear width required by the code. Inside the restroom, the facility fails to meet the minimum requirements of the code in almost every respect. In summary, this restroom cannot be entered or used by a disabled person using a wheelchair or other mobility assistive device. | Reconfigure the layout of the restroom to incorporate a portion of the corridor outside the restroom, and a minor portion of the kitchen area to create a fully compliant single-occupancy restroom. Removes the tables along the accessible route to the restroom, or reduce the size of the employee area on the kitchen side of that corridor wall to provide a minimum of 36 inches clear between the end of the tables and the face of the wall (Plaintiff believes placement of 2-person tables can be achieved in this space). Or, provide a fully compliant single-occupancy restroom at another location that has an equivalent level of compliance. If such location is accessible only via an exterior route (and that is unprotected from the overhead weather elements), the existing interior restroom shall be permanently closed from all public use. This closure shall be accomplished via a locked entrance, a posted sign marked "For Employee Use Only, No Exceptions," and a written policy backed by employee training.

Note: See Danz Proposal at Exhibit 1. |
| //// | | |

Shimrock Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | **3.115** | The walkway along the Eastern face of Italian Delite is too narrow. | Increase this walkway to a minimum width of 48 inches, insure the maximum slope is 5%, the maximum cross-slope is 2%. Provide along the exterior edge of the walkway that projects at least 6 inches above the walkway. Alternatively, the Defendants may eliminate this walkway per the Zwick Plans at Exhibit A. |
| 7<br>8<br>9<br>10 | **3.116** | The walkway along the northeast corner of Italian Delite and the Stain Glass Shop has cross-slopes that exceed 2%, and has parked vehicles overhanging the required clear width of the sidewalk. | Provide wheel stops at each parking space at the north end of the building to prevent vehicles from overhanging the walkway; correct the sidewalk so that the maximum cross-slope is 2%, and the minimum width is 48 inches. |

////

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**

| 3.117 | There are no designated accessible parking spaces serving the north end of the strip mall. | Provide one fully complaint accessible parking space at the north end of the strip mall. The space shall be fully compliant van accessible space, i.e., with the parking and unloading surface meeting the code's definition of "level" - i.e., no slope or cross slope within these areas shall exceed 2% as measured in any direction (fully eliminating the existing curb ramp that currently projects into these spaces); the parking area shall be restriped to a minimum of 9 feet wide and 18 feet long; the unloading zone shall be a minimum of 8 feet wide and 18 feet long (as measured from the centerline to centerline of the striping); pole- or wall-mounted signage shall be centered at the head of the parking space, which shall also be mounted at the correct height; signage at the end of this space shall include a designation "van-accessible"; such signage shall have the required protective language warning that those illegally parked in the accessible space will be towed (alternatively, this information can be posted at each of the drive entrances to the general parking lot); and the unloading zone shall be hatched and contain the words "No Parking" painted within it. |
|---|---|---|

Said Zwick plans at **Exhibit A** shall cover the exterior path of travel, parking, signage, and restroom accommodations, whereas the Defendants have already complied with internal areas requested to be changed by Plaintiff (refrigerated drink cooler, its landing, service counter, and door). Therefore, as to the unperformed portion of retrofit represented in the Zwick plans the below remediation list is illustrative and in cases of ambiguity or conflict the Zwick plans shall control. In addition to the work described in the Zwick plans, Defendants shall provide parking bumpers in all parking spaces to protect the walkway along the eastern face of the building, and shall install a compliant ramp on the southern edge of the building to provide a compliant

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**                — 11 —

1   accessible route from the boundary of the site to the shopping center's walkway. As part of this

2   modification, the Zwick    In addition, the proposed designated disabled accessible parking

3   depicted in the Zwick plans will be relocated alongside the aforementioned accessible route.

4       **18.    Completion of Work.** The parties acknowledge that Defendants have already

5   completed the work associated with provision 3.104-3.110.

6       **19.    Performance Standards.** The parties agree that the Zwick plans, if followed,

7   shall cause the foregoing facilities shall be brought into full and strict compliance with the

8   literal performance standards for altered facilities under the Americans with Disabilities Act

9   Accessibility Guidelines, effective January 26, 1992. In agreeing to have the retrofit done

10  pursuant to said plans, and for such only, Defendant hereby release all alleged claims defenses

11  to literal compliance such as hardship, legal and physical constraint, technical infeasibility,

12  20% cost-cap, etc.; and Plaintiff waives any claim that such plans are insufficient or inadequate

13  or other remedial measures are required.

14      **20.    Option to Close Facilities.** In lieu of making modification to any particular

15  facility or amenity called for by this decree, the Defendant may choose to permanently

16  close/remove such facility, element or amenity from public use.  Such facility, element or

17  amenity shall not be reopened or re-provided for public use without provision of full disabled

18  access pursuant to the terms of paragraph 17.

19      **21.    Time for Compliance.** As to all other work, Defendant shall submit plans and

20  apply for any necessary permits for this work within 60 days of the entry of this Order on the

21  docket of the court, and complete all such work within 120 days of receiving permits, allowing

22  for good faith interruptions due to inclement weather, contractor unavailability, and other

23  causes under the Doctrine of Force Majeure. Permits from the building department shall be

24  secured for all work. Defendant will provide written notice regarding the status of completion

25  within 240 days after entry of this Order. Defendant shall then provide Plaintiffs, her attorneys

26  and consultants with physical access to inspect, measure and photograph the facilities to verify

27  that the completed work complies with the terms herein.

28      **22.    Enforcement.** Should Plaintiff in the future become aware of any facts or

1    conditions relating to the subject public accommodation that may give rise to a claim that
2    Defendants have failed to comply with any of the injunctive relief provisions set forth herein,
3    Plaintiff shall be permitted to file a noticed motion under the current case number of this action
4    seeking enforcement of this Consent Decree, as well as if the noncompliance is shown to be
5    intentional, contempt of court. The "prevailing party" in such motion proceedings, whether in
6    full or in part, may be entitled to an award of reasonable attorney fees, litigation expenses and
7    costs for such motion, i.e., the fee recovery shall be pursuant to the normal prevailing party
8    standards that applied under the subject statutes before entry of this decree, under the subject
9    fee shifting statutes named in the complaint and <u>Christiansburg Garment Co. v. EEOC</u>, 434
10   U.S. 412 (1978). Defendants may be entitled to recovery of attorney's fees in such proceeding
11   only upon proof that Plaintiff's motion is frivolous or brought in bad faith, or that the non-
12   compliance was de minimus, or that upon notice it was corrected.

13       **23.**    With respect to the injunctive relief and damage claims resolved by this Order,
14   the parties acknowledge that they waive the provisions of and any benefits that may be
15   conferred by Civil Code section 1542 which reads:

16       **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**
17       **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS**
18       **OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,**
19       **WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**
20       **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

21

22   **AGREEMENT CONCERNING DECLARATORY RELIEF**

23       **24.**    In resolution of Plaintiff's claim for declaratory relief, Defendants have agreed
24   to conduct the barrier removals herein as a result of the settlement of this action, without
25   admission of liability, to buy peace, and render the facilities more accessible to persons such as
26   Plaintiff.

27   ////

28

Fhimrach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,     — 13 —
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

## RESOLUTION OF STATUTORY DAMAGE CLAIMS

**25.** Defendant agrees to pay his the amount of $11,000 in full satisfaction of Plaintiff's claims for bodily and personal injury and for statutory damages under Title II of the ADA, and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff counsel's hands within 21 days of Defendant' execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

**26.** The parties stipulate that the foregoing amount is intended to be paid in full to Plaintiffs, and understand that no part of it shall be received by Plaintiffs' counsel in compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees, litigation expenses, and costs.

## RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS:

**27.** Defendant agree to pay his the amount of $46,000 in full satisfaction of Plaintiffs' claims for interim and final claims for reasonable statutory attorney fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST," and delivered into Plaintiff counsel's hands within 21 days of Defendant' execution of this Full Consent Decree Judgment and Order. If overnight mail is used, Defendant shall supply Plaintiff's counsel with a tracking number.

## FULL CONSENT DECREE JUDGMENT AND ORDER:

**28.** This Consent Decree constitutes the entire agreement between the parties on the matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and reasonable statutory attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Full Consent Decree Judgment and Order, shall be

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties, — 14 —
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL**

1    enforceable regarding the matters described herein.

2

3    **CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

4        **29.**    The parties agree and represent that they have entered into this Consent Decree

5    voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to

6    all matters related to this Consent Decree, after having received full advice from counsel.

7        **30.**    This Consent Decree shall be binding on Plaintiffs and Defendants and any

8    successors in interest.  During the period of this Consent Decree, the parties have a duty to so

9    notify all such successors in interest of the existence and terms of this Consent Decree during

10   the period of the Court's jurisdiction of this Consent Decree.

11

12   **CONSENT TO JURISDICTION OF MAGISTRATE JUDGE**:

13       **31.**    In accordance with the provisions of Title 28, U.S.C. Section 636(c), each

14   undersigned party in the above-captioned civil matter hereby voluntarily consents to have a

15   United States Magistrate conduct any and all further proceedings in the case related to

16   enforcement of this Consent Decree.  Appeal from such enforcement orders shall be taken

17   directly to the United States Court of Appeals for the Ninth Circuit.  Pursuant to this

18   stipulation, each undersigned party requests that this matter be assigned specifically to

19   Magistrate Judge James Larson.

20

21   **JOINT PREPARATION AND SEVERABILITY**:

22       **32.**    This Consent Decree is deemed jointly prepared by all parties and shall not be

23   strictly construed against any party as its drafter.  If any term of this Consent Decree is

24   determined by any court to be unenforceable, the other terms of this Consent Decree shall

25   nonetheless remain in full force and effect.

26

27   **SIGNATORIES BIND PARTIES**:

28       **33.**    Signatories on the behalf of the parties represent that they are authorized to bind

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,     — 15 —
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

1  the parties to this Consent Decree.

2

3  **SIGNATORIES BIND PARTIES:**

4      **34.**     This Consent Decree may be executed in counterpart signatures, and such

5  signatures may be attached in counterparts, each of which shall be deemed an original, and

6  which together shall constitute one and the same instrument. Such counterparts may be signed

7  as faxed signatures, which shall have the same force and effect as original signatures.

8

9  Dated: _Nov. 30, 2010_

10
                                                    CRAIG YATES

11
   Dated: _Nov 30, 2010_
12

13                                                  By: _____
                                                    MARKOS PROPERTIES, INC.
14
                                                    Please Print
15                                                  Officer's Name:

16                                                     HAROY  ERIVOLARIS

17                                                  Title: _Sec- Treas_

18
   Dated: _11/30/10_
19

20                                                  TARIK BILAL on behalf of himself and ITALIAN
21                                                  DELITE

22  ////

23

24

25

26

27

28

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,      — 16 —
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

1    __APPROVED AS TO FORM__:

2    Dated: November 30, 2010      THIMESCH LAW OFFICES
                                   TIMOTHY S. THIMESCH, ESQ.

3                                        GENE A. FARBER, ESQ. – Of Counsel

4

5

                                       Attorneys for Plaintiff

6                                        CRAIG YATES

7    Dated: November 30, 2010      MARK J. RICE, ESQ.
                                     MCNEIL, SILVERIA, RICE & WILEY

8

9

10                                      Attorneys for Defendants
                                     MARKOS PROPERTIES, INC.

11

12                                      For Italian Delite and Tarik Bilal

13

14                                   __ORDER__

15        __IT IS SO ORDERED.__ _____

16 _____

17 _____

18 _____

19 _____.

20

21    Date: March 15, 2011 _____

22                                      HON. JAMES LARSON
                                     MAGISTRATE JUDGE

23                                      U.S. DISTRICT COURT

24

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment (Italian Delite (as to Defendants Markos Properties,    — 17 —
Inc.; Italian Delite and Tarik Bilal): Case No. CV-10-1549 JL

# EXHIBIT A



# GENERAL NOTES

# VICINITY MAP

# SYMBOLS

# ABBREVIATIONS

# CONSULTANT DIRECTORY

Architect: Zwick Architects, Marty Zwick, Principal

Energy Consultant:

# CODE ANALYSIS

Site Information:

Address: 971 Front St, Novato, CA

APN: 141-284-04

## SCOPE OF WORK

Non-structural remodel to construct an ADA compliant bathroom.

Miscellaneous Information:

## CODES IN FORCE

Current Codes:
All California Codes

## WALL TYPE LEGEND

Demolition
Existing
Proposed

## SHEET INDEX

Architectural:
A-0   Cover Sheet
A-1   Site Plan
A-2   Plans / Partial RCP / Schedules
A-3   Elevations
A-4   Interior Elevations
A-5   Title 24
A-6   Title 24
A-7   Green Point Check List

ZWICK ARCHITECTS

971 Front Street
Novato, CA
APN: 141-284-04

Contact: Zwick Architects

COVER SHEET

A-0

DATE: 1/22/10
SCALE: N.T.S.
PROJ. NO.: 10.003















ZWICK ARCHITECTS
Architecture Interior Design
235 Pine Street
Sausalito, CA 94965
t 415 389 0303
f 415 389 0304

971 Front Street
Novato, CA
APN 1432800AK

Contact: Zwick Architects

**A-5**
**TITLE 24**

| DATE | 11/23/10 |
| SCALE: | AS NOTED |
| PROJ. NO. | 10.003 |

## BUILDING ENERGY ANALYSIS REPORT

PROJECT:
Front Street (L11D)
971 Front Street
Novato, CA

Project Designer:
Zwick Architects
235 Pine Street
Sausalito, CA 94965
415-389-0303

Report Prepared by:
Tisha Stegedill
Energy Calc Company
44 Mitchell Blvd., Suite 15
San Rafael, CA 94903
415-457-0660

Job Number:
1025PRO

Date:
10/22/2010

## TABLE OF CONTENTS

Cover Page ............................................. 1
Table of Contents ................................... 2
Form LTG-1-C Certificate of Compliance .... 3
Form LTG-1-C Indoor Lighting Compliance .. 7
Form LTG-MM Lighting Mandatory Measures . 8
Form MECH-1-C Mechanical Mandatory Measures . 12

### CERTIFICATE OF COMPLIANCE (Part 1 of 4) LTG-1-C

### CERTIFICATE OF COMPLIANCE (Part 2 of 4) LTG-1-C

### CERTIFICATE OF COMPLIANCE (Part 3 of 4) LTG-1-C

### CERTIFICATE OF COMPLIANCE (Part 4 of 4) LTG-1-C

ZWICK ARCHITECTS

971 Front Street
Nevada, CA

APN: 11-290-04

Owner: Zwick Anderson

TITLE 24

| DRAWN: | | DATE: 11/23/10 |
| CHECKED: | | SCALE: AS NOTED |
| APPROVED: | | PKG. NO.: 10-002 |

DRAWING NO.
A-6

